**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
Covington Division**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | **Chapter 7** |
| **HATTIE E. CANTRELL,** | : | **Case No. 12-70482** |
| | : | **Judge Tracey N. Wise** |
| **Debtor.** | : | |
| _____ | : | |
| | : | |
| **MAXIE E. HIGGASON, TRUSTEE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Adversary No. 13-7001** |
| | : | |
| vs: | : | |
| | : | |
| **HATTIE E. CANTRELL and** | : | |
| **BRANCH BANKING & TRUST CO.,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

This matter is before the Court on the Trustee's Motion for Summary Judgment against Branch Banking and Trust Co. ("BB&T") [Doc. 15]. The Trustee brought this adversary proceeding against BB&T to avoid its interest in Debtor's manufactured home, pursuant to 11 U.S.C. § 544. BB&T has a mortgage on Debtor's real property and the manufactured home on that real property. BB&T contends its lien on the manufactured home is perfected by common-law affixation. Because the Court concludes that the lien is not properly perfected, the Trustee's Motion for Summary Judgment shall be granted.

## Facts

The material facts are not in dispute. In 1966, Debtor purchased the real estate at issue in this case. Some years later–the exact date is unknown–Debtor purchased a 1975 manufactured home, which was subsequently "bricked in" (permanently affixed) to her real

property, also on a date unknown. BB&T has stated it believes that the home was "bricked in" prior to 1982, and the Trustee has not disputed that statement.

In 2008, Debtor refinanced her home, borrowing $67,500 from BB&T, which was to be secured by both her real estate and the manufactured home sitting on that real estate. The mortgage was recorded in the county clerk's office. The certificate of title for the manufactured home does not list BB&T as a lienholder. The parties have stipulated that this matter may be decided on summary judgment.

## Analysis

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

Summary judgment is appropriate if "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R. Bankr. P. 7056 (incorporating by reference Fed. R. Civ. P. 56). The movant bears the burden of showing that no genuine issues of material fact are in dispute, and the evidence, together with all inferences that can permissibly be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 811 (6th Cir. 2011).

In Kentucky, there are two non-judicial means by which a security interest in a manufactured home may be perfected. The first is notation of the creditor's lien on the manufactured home's certificate of title. Ky. Rev. Stat. § 186A.190. The second is conversion of the manufactured home to real property on which the creditor has a lien. An owner of a manufactured home may convert it from personal property to real property by filing an affidavit with the county clerk that the manufactured home is permanently affixed to real property, and surrendering the certificate of title to the manufactured home to the county clerk. Ky. Rev. Stat. § 186A.297. Any lien on the real property to which the manufactured home is affixed will then

extend to the manufactured home.[1]   These two means of perfection, this Court has held, comprise the sole means in Kentucky to perfect a security interest in a manufactured home.   *See In re Starks*, No. 10-22108, 2011 WL 248521 (Bankr. E.D. Ky. Jan. 24, 2011); *Rogan v. Greentree Fin. Servs. Corp.* (*In re Nutgrass)*, No. 12-3008, 2013 WL 571796 (Bankr. E.D. Ky. Feb. 12, 2013); *see also U.S. Bank Nat'l Assoc. v. Barbee (In re Barbee)*, 461 B.R. 711, 717 (B.A.P. 6th Cir. 2011).

BB&T admits that its lien was not recorded on the manufactured home's certificate of title. Further, it acknowledges that the manufactured home has not been converted to real property under the procedure provided in § 186A.297.   However, it argues that because Debtor's manufactured home was permanently affixed to the underlying real estate prior to 1982, the year in which § 186A.190 was enacted, and prior to 2000, the year in which § 186A.297 was enacted, the manufactured home was converted to real property as a matter of common law, and that its lien on the real property, therefore, extends to the manufactured home.[2]   BB&T's arguments fail because its *mortgage* postdates the enactment of both statutes, which therefore govern the perfection of its security interest.

BB&T's first premise is that because Debtor's home was bricked into the underlying real property before the Kentucky state legislature provided a statutory means of converting manufactured homes from personal property to real property in § 186A.297, Debtor's home was converted to real property as a matter of common law.   Standing alone, this premise may be correct.   But it alone does not help BB&T, because common-law affixation did not suffice, prior to the enactment of § 186A.297, to perfect a security interest in a manufactured home.   Before § 186A.297 was enacted allowing creditors to perfect their security interest by means of statutory

---

[1] In addition to the procedure described above, a creditor can obtain a state court order under Ky. Rev. Stat. § 186A.297 converting the manufactured home to real property, and thereby perfect its lien in the manufactured home.   *See Countrywide Home Loans v. Dickson* (*In re Dickson*), 655 F.3d 585, 590-91 (6th Cir. 2011).

[2] BB&T has provided no evidence that the manufactured home was affixed before 1982, but the Trustee has not disputed BB&T's claim that it was, so the Court will assume BB&T is correct.

3

conversion, the Kentucky Court of Appeals held that a security interest in a manufactured home could only be perfected by a notation on the certificate of title–"*regardless* of whether the . . . mobile home . . . was permanently affixed" to real estate.  *Hiers v. Bank One, W. Va., Williamson NA*, 946 S.W.2d 196, 198 (Ky. Ct. App. 1996) (emphasis added).  While a security interest in a manufactured home can now be perfected by way of statutory affixation under § 186A.297, common-law affixation did not (and does not) excuse compliance with § 186A.190 to perfect a security interest.  Therefore, even assuming that Debtor's home was affixed to the real property on which it sits as a matter of common law, BB&T's security interest is not perfected.

BB&T, however, argues that § 186A.190 (the notation provision) does not apply in this case, because Debtor's home was permanently affixed to the real estate prior to 1982, the date of § 186A.190's enactment.  Therefore, BB&T concludes, the common-law affixation of Debtor's manufactured home is sufficient to perfect its security interest.  That does not follow, however, because while § 186A.190 may not predate the affixation of Debtor's mobile home, it predates BB&T's 2008 mortgage, and therefore controls the perfection of BB&T's security interest.

In sum, although Debtor's manufactured home was "bricked in" prior to the enactment of § 186A.297, and therefore arguably affixed as a matter of common law, the law that governed the perfection of BB&T's lien in 2008 was § 186A.190 and § 186A.297.  To perfect its lien, therefore, BB&T was required to either note its lien on the certificate of title to the mobile home, or to convert the manufactured home to real property under statute.  BB&T did neither, and therefore, its lien was not perfected and is avoidable.

## Conclusion

Based on the foregoing, there being no genuine issue of material fact and the Trustee being entitled to judgment as a matter of law, the Motion for Summary Judgment shall be granted.  A separate order in conformity herewith shall be entered.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Thursday, September 05, 2013
(tnw)**